IN re the MARRIAGE OF Richard D. KNUST and Kathy Leigh Knust.

**Upon the Petition of Richard D. Knust, Appellee,**

**And Concerning Kathy Leigh Knust, Appellant.**

No. 90–841.

Court of Appeals of Iowa.

Sept. 24, 1991.

Susan K. Janssen of Chickering & Janssen, Winterset, for appellant.

Richard D. Knust, St. Charles, pro se.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Richard and Kathy Knust were married on April 18, 1987. No children were born of the marriage.

During the marriage, Richard worked for the postal service. He also received a Veteran's Administration disability pension for a service-connected disability. Kathy sporadically worked at minimum-wage jobs, but primarily worked as a homemaker.

In September 1989, Richard filed a petition for dissolution of marriage. Following

trial, the district court entered its decree of dissolution. Most of the property, as well as the debts, were awarded to Richard. Kathy did not receive any portion of Richard's pension. Kathy received a 1969 Chevrolet Impala, $400, and attorney fees. Following the decree, Kathy filed this appeal.

Kathy claims she should have been awarded a greater amount of the parties' property.

■ Our review is de novo because dissolution actions are equitable proceedings, tried in equity. Iowa R.App.P. 4; *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984).

■ The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.21(1). *In re Marriage of Oler*, 451 N.W.2d 9, 11 (Iowa App.1989).

We note that the parties in this case lived as husband and wife for two years and four months. The parties had limited assets. Because of the short duration of the marriage, Kathy is not entitled to a financial award based upon Richard's pension benefits. We find that the property settlement as set forth by the district court is equitable. The property settlement reflects the assets each party brought to the marriage.

■ Kathy has asked for attorney fees for this appeal. Her attorney has filed an affidavit showing attorney fees of $2,309.30 for this appeal.

Attorney fees are not recoverable as a matter of right, but rest within the discretion of the court. *Oler*, 451 N.W.2d at 13. The controlling factor is the parties' ability to pay. *Id.* We order Richard to pay one-half of these fees, or $1,154.65. Costs are assessed one-half to each party.

AFFIRMED.