**In re the MARRIAGE OF Wayne Dean OLER and Beverly Joyce Oler.**

**Upon the Petition of Wayne Dean Oler, Appellant,**

**And Concerning Beverly Joyce Oler, Appellee.**

**No. 89–379.**

Court of Appeals of Iowa.

Nov. 27, 1989.

Curtis J. Klatt, Dunakey & Klatt, Waterloo, for appellant.

David H. Correll, Correll & Sheerer, Cedar Falls, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

Husband Wayne D. Oler (Wayne) appeals the decree of the district court dissolving his marriage to Beverly Joyce Oler (Beverly). He asserts the trial court erred in awarding Beverly: (1) a $10,000 lump-sum property settlement; (2) an inequitable property settlement; (3) an inequitable amount of Wayne's pension benefits; (4) excessive alimony; and (5) attorney fees. We affirm as modified.

In this equity action, our scope of review is de novo. Iowa R.App.P. 4. Our duty is to review the entire record and determine rights anew from the credible evidence on issues properly presented and preserved. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court but are not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

The parties were married on November 20, 1960. At the time of the trial Beverly was forty-six years old and Wayne was forty-eight. Both parties are in good physical health. The district court's decree split the marital property and awarded Beverly permanent alimony of $350 per month. Beverly was also awarded $10,000 lump sum property settlement, forty percent of Wayne's pension benefits from John Deere, and attorney fees in the amount of $1,000. Wayne has appealed from the decree.

Wayne asserts error by the district court in granting Beverly a $10,000 lump-sum property settlement. The court awarded Beverly $10,000 in consideration for the value of Wayne's shares in the family farm corporation. Wayne asserts this was gifted stock to him from his mother as part of her estate plan.

Generally, gifts or inheritances received by a party during the marriage

are not subject to a property division unless the failure to do so would be inequitable to the other party. *In re Marriage of Muelhaupt,* 439 N.W.2d 656, 659 (Iowa 1989); Iowa Code § 598.21(2) (1989). There are a variety of factors a court must weigh to determine how such property should be treated. *Muelhaupt,* 439 N.W.2d at 659; *In re Marriage of Vrban,* 359 N.W.2d 420, 427 (Iowa 1984). The length of the marriage is also an important factor in considering when gift or inherited property should be divided. *Muelhaupt,* 439 N.W.2d at 659.

In *In re Marriage of Wallace,* 315 N.W.2d 827, 830–33 (Iowa App.1981), we held that the husband's inherited stock was subject to a property division. The inherited stock generated substantial income which dramatically changed the wife's lifestyle.

In this case Wayne received gifts of stock from Lois Oler (Lois), his mother, in a closely held family corporation. These gifts of shares were made to Wayne between December 1977 and March 1984. He owns approximately 7,860 shares of Lowland Meadows Farm, Inc. Wayne asserts the value of the stock is not substantial and that the transfer ability of the stock is restricted. Wayne and his brother each own thirty-nine percent of the common stock and Lois owns the remaining twenty-two percent of stock.

■ Upon a review of the record, we conclude the trial court erred in granting Beverly a $10,000 lump-sum property settlement in consideration for the value of Wayne's shares in the family farm corporation. The district court found that it was "impossible to arrive at any kind of realistic evaluation" of Wayne's stock. Further, the district court found the "stock has not provided income to the parties, nor has it affected their lifestyle either way." In this case, unlike the *Wallace* case, the stock did not generate substantial income which dramatically changed Beverly's lifestyle. Therefore, we modify the decree of the district court and find it inequitable to award Beverly a $10,000 lump-sum property settlement.

Wayne further disputes the property settlement. He states that the court awarded Beverly $38,480 in assets and further ordered Wayne to pay the family debts, leaving him with a negative asset value of $6,647.81.

The ultimate question is whether the property distribution was equitable. The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.-21(1). *In re Marriage of Estlund,* 344 N.W.2d 276, 280 (Iowa App.1983).

■ Our review of the record reveals the property division entered by the district court is almost identical to the division Wayne proposed in his statement of affairs. However, he claims the division is unfair and is excessively burdensome in light of the $350 permanent alimony award and the award to Beverly of forty percent of his pension. We find this property division to be equitable in all respects except for the division of the parties' retirement benefits which we hereafter address.

Wayne argues that Beverly will receive adequate retirement funds through her Iowa Public Employees Retirement System (IPERS) account, a John Deere insurance annuity, and guaranteed security life insurance, as well as Social Security benefits. He further argues that the trial court did not offset any of Beverly's IPERS or other retirement investments against its award of forty percent of Wayne's pension to her.

■ In Iowa pension benefits are treated as marital property and are properly subject to equitable distribution. *In re Marriage of Mott,* 444 N.W.2d 507, 510 (Iowa App.1989) (citing *In re Marriage of Howell,* 434 N.W.2d 629, 632 (Iowa 1989)). We are not bound to achieve a precisely equal division in awards of marital property. *In re Marriage of Webb,* 426 N.W.2d 402, 405 (Iowa 1988); *In re Marriage of Byall,* 353 N.W.2d 103, 106 (Iowa App. 1984). The proper standard "is that courts achieve an equitable and just award under the circumstances." *Webb,* 426 N.W.2d at 405.

The marriage lasted twenty-eight (28) years, and for fourteen (14) years of the marriage Beverly was primarily a homemaker caring for the household and the parties' three children. She has worked for the Waterloo Community School District since 1974. At the time of the trial Beverly was forty-six years old and Wayne was forty-eight and both are in good health. The district court stated:

> As to Petitioner's Pension, he has worked at John Deere and been married approximately the same time, 28 years. If he works until age 62, that would be an additional 13 years, or 65 and additional 16 years. The Court has not offset the value of the Respondent's IPERS. As to John Deere pension, Respondent should be entitled to 40 percent interest.

■ Wayne's complaint is that the district court did not factor Beverly's IPERS benefits in the property division. We agree. As noted, the district court did not offset Beverly's IPERS benefits. We find awarding Wayne a portion of Beverly's IPERS benefits if and when received to be appropriate for the circumstances of this case. *See In re Marriage of Williams*, 449 N.W.2d 878, 882 (Iowa App.1989); *In re Marriage of Curfman*, 446 N.W.2d 88, 90 (Iowa App.1989).

Wayne should receive a percentage of the accrued benefits based on the years of the marriage. We modify the decree to provide when and if Beverly commences to receive her IPERS benefits she shall pay to Wayne an amount equal to fifty percent of a fraction of her benefits; the numerator of the fraction being fourteen years, the number of years Beverly worked during the marriage, and the denominator of the fraction being the total number of years during which benefits were accumulated prior to being paid. *See Howell*, 434 N.W.2d at 633; *Williams*, 449 N.W.2d at 882; *Curfman*, 446 N.W.2d at 90; *Mott*, 444 N.W.2d at 511.

■ The district court ordered Wayne to pay Beverly, the alternate payee, forty percent of his pension benefits from John Deere as set out in a separate Qualified Domestic Relations Order. Wayne's pen-

sion benefits are calculated at the present to be $977.55 per month. All of this was earned during the marriage. This amount will increase in the future. Wayne is entitled to 100% of any increase in the pension benefits accruing after the marriage. Since the present accrued benefits is 100% marital property, Beverly should be entitled to fifty percent (50%) of those benefits. We modify the decree to provide that Beverly shall be entitled to receive $490 per month of Wayne's John Deere pension benefits.

The Qualified Domestic Relations Order required Wayne to pay Beverly as follows:

> (a) Payment to the Alternate Payee shall commence as [sic] the Participants *first eligibility to retire* but not before the first of the month following the Plan Administrator's determination that this Order is qualified. (Emphasis added).

■ We find it inequitable to award Beverly pension benefits before Wayne actually retires. We believe a deferment until Wayne actually retires will ensure that there is an equitable division of the benefits. We strike the language in the Qualified Domestic Relations Order requiring Wayne to begin making payments to Beverly when he first becomes eligible to retire. We replace this language with the following:

> (a) Payment to the Alternate Payee shall commence as of the first of the month following the Plan Administrator's determination that this Order is qualified *but not before the actual retirement* of the Participant.

With this modification we believe the district court's division of Wayne's pension benefits to be equitable.

■ We consider the alimony and property division together in evaluating their individual sufficiency. *In re Marriage of Callenius*, 309 N.W.2d 510, 513–14 (Iowa 1981); *In re Marriage of Dahl*, 418 N.W.2d 358, 359 (Iowa App.1987).

The district court stated:

> Petitioner's [Wayne] current income is approximately $33,000, and Respondent's [Beverly] is $12,500. If Petitioner retires

at age 62, his Social Security would be $800. At age 65, $1,040. If Respondent retires at age 62 her Social Security would be $360, and at age 65, $515. The Court determines that this Respondent is entitled to alimony in the amount of $350 a month payable monthly beginning February 10, 1989. This alimony shall terminate on the death of either party, remarriage or cohabitation of the Respondent, or Petitioner's retirement.

Wayne argues that the alimony award is excessive. He argues that Beverly is only forty-six years old and is young enough to seek further training and education. He states that he is unable to afford to pay her alimony. He also asserts that the alimony should only continue for a period of a few years. Beverly argues that the award is equitable because the parties were married for twenty-eight years, she is forty-six years old, and the property division is not sufficient to generate income to obviate the need for alimony.

Alimony is not an absolute right, but must be determined in light of all circumstances. *In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982). When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432 (Iowa 1981). As in our property division, inherited or gifted property can be consider in awarding alimony. *In re Marriage of Voss*, 396 N.W.2d 801, 804 (Iowa App.1986). We determine the alimony provision made by the district court to be appropriate.

Finally, Wayne argues that the district court erred in granting Beverly attorney fees. He claims Beverly is able to afford payment of her attorney fees. Beverly asserts to the contrary and also requests that she be awarded appellate attorney fees in the sum of $1,000. Attorney fees are not recoverable as a matter of right but rest within the discretion of the court. *In re Marriage of Orgren*, 375 N.W.2d 710, 714 (Iowa App.1985). Dissolution courts have considerable discretion with regard to attorney fees. *In re Marriage of Schissel*, 292 N.W.2d 421, 428 (Iowa 1980). The controlling factor is the parties' ability to pay. *Muelhaupt*, 439 N.W.2d at 662–63. We affirm the district court's award of attorney fees. We order Wayne to pay $500 toward Beverly's attorney fees on appeal. Costs of appeal shall be split fifty-fifty among the parties.

AFFIRMED AS MODIFIED.