**In re the MARRIAGE OF James Douglas RUSSELL and Marcia Ann Russell,**

**Upon the Petition of James Douglas Russell, Appellee,**

**and Concerning**

**Marcia Ann Russell, Appellant.**

**No. 90–252.**

Court of Appeals of Iowa.

May 29, 1991.

David S. Good of Nazette, Hendrickson, Marner & Good, Cedar Rapids, for appellant.

Morris L. Eckhart of Milroy & Eckhart, Vinton, for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

James and Marcia Russell were married in 1968. They are the parents of a daughter born in 1977. A decree filed November 17, 1989, dissolved the Russells' marriage. The decree placed their daughter in joint legal custody and in Marcia's primary physical care.

James is a mortician. During the marriage the Russells purchased and then operated a funeral home business. At the time of trial, the business consisted of three funeral homes in separate towns. The larger funeral home was incorporated, whereas the two smaller funeral homes were operated as sole proprietorships. The trial court valued the business, including real estate, at $400,000 subject to approximately $68,000 of debt and awarded it along with approximately $225,000 in investment accounts to James. James was responsible for all debts of the business. Additionally, James was awarded a building worth $17,000, subject to a $16,000 debt, an account in the amount of $5,000 and a life insurance policy worth approximately $5,000.

The trial court set aside to Marcia $124,000 in an investment account. This account consists solely of money she inherited during the marriage plus the interest earned on the money. Marcia was awarded the marital home, valued at $44,000 subject to a debt of $8,700, an IRA valued at $13,500, household items valued at $15,000, bank accounts and her life insurance policies. Marcia's net award of marital assets was valued at $67,000. To balance the settlement, James was ordered to pay Marcia a cash award of $185,000 payable in installments. The trial court stated the award granted sixty percent of the marital estate to James and forty percent to Marcia.

The trial court also directed James to pay Marcia alimony of $400 per month for forty-eight months and child support of $210 per week.

Marcia has appealed the dissolution decree.

Marcia challenges the division of property. She argues the trial court undervalued the business, therefore, her cash property award is too low. She also complains the trial court erred in not awarding her a life insurance policy, insuring her life, owned by the corporation. Lastly, she contends that because she is the custodial parent, she should have been awarded the Cadillac automobile owned by the corporation. She further asserts the automobile was an anniversary gift to her.

Marcia also requests a modification in James's summer visitation schedule. She asks to be provided with weekend visitation during the six-week period the child will be in James's care.

Lastly, Marcia requests attorney fees on appeal.

In this equity action, our review is de novo. Iowa R.App.P. 4. We examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl*, 418 N.W.2d 358, 359 (Iowa App.1987). The Iowa courts do not require an equal division or percentage distribution. The determining factor is what is fair and equitable in each particular circumstance. *In re Marriage of Hoak*, 364 N.W.2d 185, 194 (Iowa 1985) (citation omitted).

■ Both James and Marcia presented experts who provided widely diverging assessments about the value of the funeral home business. Marcia's expert placed a much higher value on the business than James's experts. James's experts had experience in valuing funeral home businesses or in operating funeral home businesses, whereas, the expert who testified for Marcia had never appraised a funeral home business before. The value assigned by the trial court is closer to the values presented by James's experts. We find the value placed on the business by the trial court to be well within the permissible range of evidence and will not disturb it on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

■ In dividing the marital estate, the trial court determined it was equitable to award James sixty percent of the estate. We disagree. Both Marcia and James contributed to the marital enterprise. While James's contribution added more to the financial success of the marital enterprise, we find Marcia's contributions to the family home and the family business equally important. Additionally, the marriage lasted approximately twenty-one years and neither party brought substantial assets or debts into the marriage. Therefore, we find the division of the marital assets should be equalized. In attempting to equalize the division, we affirm the trial court's allocation of marital assets, such as the business and the marital home, but direct James to pay Marcia a larger cash award as explained below.

■ At trial, the two witnesses who testified about offering to purchase the business, both testified their offers included James's services for some period after the sale. One of the witnesses testified he considered it imperative James agree to assist with the business for at least five years after the sale. The witness stated James's services were important because of the reputation he had built in the community. Upon being asked if he would be willing to pay the same price for the busi-

ness without James's services the witness stated "Not really; we would have to re-evaluate that."

From our evaluation of the record, we conclude the value of the business due to James's services post dissolution is approximately $50,000. This sum represents the increase in value of the business if James assists in the conversion of the business to new ownership. Because this sum arises as a result of James's efforts after the dissolution, we conclude it should not be included in the allocation of assets of the marital estate. As a result of this the value of the business only adds $350,000 to the divisible marital estate. Additionally, the business is subject to approximately $68,000 of debt.

Because we do not include the postdissolution services in evaluating the business in the divisible marital estate, the net value of the marital estate is $585,000. James's net award resulting from the decree's allocation of marital assets, equals $518,000. Marcia's net award resulting from the decree's allocation of marital assets is $67,-000. Because we have determined James's and Marcia's efforts contributed equally to the acquisition of the assets of the marital estate, we order an equal division of those assets.

To equalize James's and Marcia's property awards, we direct James to pay Marcia the sum of $225,500. We affirm the trial court's payment schedule, but because we have directed James to pay a larger total sum to Marcia, we modify the amounts to be paid in several of the installments.

Under the trial court's order James was ordered to pay Marcia $75,000 within thirty days of the entry of the decree and $30,000 on July 1, 1990, we affirm these payments. We modify the future amounts ordered by the trial court such that James shall pay Marcia $40,000 on July 1, 1991; $40,250 on July 1, 1992; and $40,250 on July 1, 1993. These sums shall collect no interest until July 2, 1991, when the remaining balance

($80,500) shall commence accumulating interest at the statutory judgment rate.

This modification of the trial court's division of the marital estate shall not affect the transitional alimony awarded to Marcia. James has been awarded the family business, which will provide him with future employment, whereas, Marcia must prepare herself for future employment.

■ Marcia filed a motion pursuant to Iowa Rule of Civil Procedure 179 regarding a life insurance policy and a Cadillac automobile. She felt the trial court inadvertently failed to award both of these assets to her. The district court declined to modify the decree in either respect, stating the decree accurately reflected the findings it made during the trial.

The record reflects that the life insurance policy and the leased Cadillac automobile are assets of the corporation. We see no reason to alter the trial court's distribution with respect to either of these assets. Additionally, we find Marcia has ample funds for acquiring an automobile for transporting the child.

■ Marcia contends she should be allowed weekend visitation during James's extended summer visitation with their daughter. We disagree. An extended visitation will assist James and his daughter in maintaining their relationship. We encourage James to allow his daughter to visit her mother during the extended visitation if she so desires, but we decline to order a visitation schedule. Additionally, we hope the parties cooperate to allow Marcia to have the child for an extended period if she plans a lengthy vacation in the future.

■ An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial

court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). In accordance with these considerations, we order each party to pay his or her own attorney fees for this appeal. The costs of this appeal are taxed one-half to Marcia and one-half to James.

AFFIRMED AS MODIFIED.