In re the MARRIAGE OF Marjorie
S. PETERSON and Larry E.
Peterson.

Upon the Petition of Marjorie
S. Peterson, Appellee,

And Concerning Larry E.
Peterson, Appellant.

No. 91–75.

Court of Appeals of Iowa.

Aug. 27, 1992.

Joseph J. Bitter, Dubuque, for appellant.

Robert L. Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Larry and Marjorie Peterson were married in August 1969. Two children were born of the marriage, Monica, born in 1973, and Andrea, born in 1976. In April 1990, Marjorie filed a petition for dissolution of the marriage.

Marjorie is employed as a parochial school teacher and earns a net income of about $1,400 per month. Marjorie's only retirement benefit, besides social security, after twelve years of teaching is an annuity with a value of $1,399. Marjorie has also worked part-time during the summers.

Larry was employed at Flexsteel Industries and earned a net income of about $2,200 per month. Following the time of trial and shortly before the issuance of the dissolution decree, Larry was laid off from his employment at Flexsteel Industries. (It appears that Larry's subsequent layoff has already been the basis for a modification order decreasing Larry's child support obligations.) Larry has a salaried employee's 401K plan which is vested and has a value of about $20,023, absent any early withdrawal penalties. He has a retirement pension plan which is vested and has a value of about $17,107. He also has an IRA which has a value of about $6,370, absent any early withdrawal penalties.

Larry and Marjorie owned a home in Dyersville, with a net equity of about $53,300. The district court valued the 1986 Dodge Caravan at $8,300; the household furnishings at $7,000; and the tools, trailer, and dryer at $11,150. Other property was not expressly assigned a value by the court, including a 1987 Dodge Colt and a 1981 Ford Van.

Following the trial, the district court entered its judgment and decree. Pursuant to the parties' agreement, joint custody of the children was granted and Marjorie was named physical custodian. The court then awarded Marjorie, inter alia, the marital home with all household furnishings and appliances, the 1987 Dodge Colt, fifty percent of Larry's retirement pension, and her own annuity. Marjorie also assumed the mortgage on the house. Larry was awarded, inter alia, the 1986 Dodge Caravan, the Ford van, his 401K plan and IRA, and the other fifty percent of his retirement pension. Larry was required to pay $705 per month child support for both children. This award would decrease to $528 per month when only one child remained eligible. Larry was also required to pay Marjorie spousal support for a period of four years in an amount equal to the difference between the child support awarded and $750 per month. The alimony was awarded in consideration of Marjorie's desire to gain her master's degree. Each party was required to pay his or her own attorney fees. Following a posttrial order, Larry filed this appeal. Marjorie's cross-appeal was withdrawn in her brief.

Larry challenges the economic provisions of the dissolution decree. He contends the district court erred by (1) dividing the property and debts inequitably, and (2) awarding Marjorie excessive alimony. In this appeal, Marjorie seeks appellate attorney fees.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). On our review, we affirm the district court.

■ I. *Property Distribution.* Larry first contends the district court erred by dividing the property and debts inequitably. He argues that the district court should have distributed the property more "equally" and that the district court divided the assets "based upon whether the court liked one of the parties more than the other."

■ The partners in a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). The Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each particular circumstance. *Id.*

The highest valued asset in the marriage was the family home, with a net equity of $53,300. Since the family home was the highest valued asset, awarding it to Marjorie obviously resulted in Marjorie having a larger property share. Yet, while Marjorie received the home, it was subject to an $11,200 mortgage which she assumed. We do not find the award of the family home to Marjorie to be inequitable. In distributing property, the court shall consider the desirability of awarding the family home to the physical custodian. Iowa Code § 598.-21(1)(g). Here, by agreement of the parties, Marjorie was awarded physical custody of the children.

In the distribution, Larry received the higher valued car, worth about $8,300. He also kept both his 401K plan and his IRA plan, which together totaled over $26,000. Larry did not receive a portion of Marjorie's annuity. However, since its total value was less than $1,400, we do not find the

fact that he was not granted a portion of the annuity to be inequitable.

Contrary to Larry's argument, the distribution does not have to be equal to be equitable. *Russell*, 473 N.W.2d at 246. After considering the circumstances of each party, we do not find the property distribution to be inequitable.

In addition, there is nothing in the judgment and decree or any other order or ruling of the district court which suggests that the trial court divided the property based on a consideration of fault or personal preference. We reject Larry's argument that the district court took fault into consideration in distributing the property. We affirm the property distribution as set forth by the district court.

■ II. *Alimony.* Larry's next contention is that the district court awarded excessive alimony. He argues rehabilitative alimony is unnecessary as Marjorie is and will continue to be employed full time. He also argues reimbursement alimony is unreasonable as a substantial period of time has passed since Marjorie provided Larry with financial support in finishing his degree, in 1972. Finally, he contends that "lifestyle" alimony is also unnecessary because Marjorie will continue to have sufficient earnings through her profession as a teacher.

■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne*, 334 N.W.2d 347 (Iowa App.1983). The Iowa Code directs the court to consider the earning capacities of both parties together with their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). The award will differ in its amount and duration according to the purpose it is designed to serve. *In re*

*Marriage of Francis,* 442 N.W.2d 59, 62 (1989).

Rehabilitative alimony is awarded "to establish the capacity for self-support in the receiving spouse, through redeveloping previous skills or providing new training to develop potential supportive skills." Sackett & Munyon, *Alimony: A Retreat from Traditional Concepts of Spousal Support,* 35 Drake L.Rev. 297, 314 (1985–86) (quoting *Pierson v. Pierson,* 462 So.2d 613, 614 (Fla.Dist.Ct.App.1985)); *see also Francis,* 442 N.W.2d at 63.

The district court's decree awarded Marjorie alimony for four years for the purpose of allowing Marjorie to attain her master's degree and obtain more remunerative employment. We find the district court's award of alimony to be rehabilitative. Therefore, we will not discuss the other purposes which alimony may serve.

Marjorie argues that a master's degree could increase her income by $7,000 to $10,000 per year, by allowing her to obtain employment in the public school system. However, while she is attaining the master's degree, she will bear additional expenses incurred in obtaining the degree, as well as lose potential earnings from summer employment. While Marjorie has present earning capacity, she should not be denied rehabilitative alimony where there is a strong potential of increasing that earning capacity. *See Francis,* 442 N.W.2d at 66.

Larry also argues that the alimony award is excessive in light of his recent loss of employment. The recent loss of Larry's employment has not been made a part of the record and therefore will not be considered as evidence. *See In re Brown,* 183 N.W.2d 731, 733 (Iowa 1971). Furthermore, Larry's loss of employment has already been addressed in a subsequent modification by the district court.

Finally, as the present alimony award is $45 per month, we do not find it to be excessive. Therefore, we affirm the district court's award of alimony.

III. *Appellate Attorney Fees.* Finally, Marjorie requests an award of attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). After considering these factors, we deny Marjorie's request for attorney fees.

The costs of this appeal are taxed to Larry.

For all the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.