In re the MARRIAGE OF
Clyde HELMLE and
Connie Helmle.

Upon the Petition of Clyde Helmle,
Petitioner–Appellant,

And Concerning Connie Helmle,
Respondent–Appellee.

No. 92–1564.

Court of Appeals of Iowa.

Jan. 25, 1994.

James D. Bruhn of Farwell & Bruhn, Clinton, for appellant.

Mark R. Lawson, Maquoketa, for appellee.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Former husband, Clyde Helmle, appeals from the economic provision of the parties' dissolution decree. Clyde claims the district court erred in the division of property and in awarding alimony. We affirm as modified.

Clyde Helmle, born January 22, 1944, and Connie Helmle, born November 19, 1944, were married for thirty years when Clyde filed for dissolution in 1992. For the last seven years of their marriage, they were separated and lived apart. However, they continued to file joint income tax returns until 1990. In 1991, they filed separately. At the time of the separation, the youngest of the parties' three children was nineteen years of age.

Connie has a high school diploma. She has been employed as a bartender for the past eighteen years. Prior to this, she had little work experience. She absented herself from the job market for eleven years to attend to family responsibilities, including raising the children. She has few employment skills and no medical or pension benefits from her employment. Her gross earnings in 1991 were $6412. She also receives approximately $3000 per year under a real estate contract left to her as inheritance by her father. The amount of this payment is reduced each year. Under the contract she will receive a lump sum payment of $26,000 in 1996. Her father also left her $25,000 in inheritance money, most of which she has invested.

Connie states she has barely managed to pay her expenses since the parties' separation. Her wages and other income have paid her rent and utilities with nothing left over for medical expenses or other contingencies. Prior to receiving the inheritance, her children helped her pay rent and buy groceries. She resides in the same rental residence the parties had occupied.

Clyde has a ninth grade level of education. He has worked at Custom–Pak for eighteen years. He is a factory supervisor in charge of over fifty employees. His gross earnings in 1991 were $36,029 and his gross earnings for the first six months of 1992 were $22,351. Since the parties' separation Clyde has accumulated assets valued in excess of $30,000, including the purchase of a home. Connie argues he was able to do this because he paid

no spousal support to her during those seven years.

The district court àwarded Connie a $7000 cash property settlement and ordered Clyde to pay $125 alimony per week until the death of either party. The district court noted that "Connie's remarriage or other major change of circumstances may be grounds for modification." Clyde was also ordered to contribute $800 toward Connie's attorney fees and to pay all court costs.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Clyde claims the trial court erred in awarding Connie a cash property settlement in the amount of $7000.

■ The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division of percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.*

■ Clyde asserts his postseparation assets are not marital property because they were not the result of the joint efforts of Connie and himself. Our supreme court rejected a similar argument *In re Marriage of Muelhaupt,* 439 N.W.2d 656, 661 (Iowa 1989).

In *Muelhaupt,* the former husband argued stock he purchased with borrowed money after the separation was not a marital asset. *Id.* Our supreme court held "[i]t is the net worth of the parties at the time of trial which is relevant in adjusting their property rights." *Id.* (citing *In re Marriage of Moffatt,* 279 N.W.2d 15, 20 (Iowa 1979)); *see also In re Marriage of Byall,* 353 N.W.2d 103, 107 (Iowa App.1984). Nevertheless, because the former wife contributed little to the asset our

supreme court found she was entitled to only a portion of it. *Muelhaupt,* 439 N.W.2d at 661.

Clyde's postseparation assets were valued at $30,000. The trial court's decree gave Connie an interest in them of less than twenty-five percent. We determine the trial court's division of the parties' assets is equitable. We affirm the award of a cash property. settlement in the amount of $7000.

■ Clyde also argues the trial court imputed fault upon him as a factor when considering the property division. We find no merit in this argument. We also note our de novo review is based on the criteria codified in Iowa Code section 598.21(1) (1991). We do not reward or punish either party on the basis of fault. *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977); *Locke v. Locke,* 246 N.W.2d 246, 257 (Iowa 1976); *In re Marriage of Luebbert,* 400 N.W.2d 80, 83 (Iowa App.1986).

■ Clyde also seems to imply the trial court should have considered Connie's inheritance from her father when dividing the parties' property. Iowa Code section 598.21(2) specifically states "[p]roperty inherited by either party ... is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage." The property has never been an asset relied on during the marriage and we see no reason Clyde should benefit from Connie's inheritance. We therefore agree with the trial court that it should not be considered when dividing the parties' property.

■ Clyde also argues the district court erred in awarding Connie alimony of $125.00 per week. Clyde claims if he does have to pay Connie alimony, it should be limited in time and terminable upon Connie's remarriage or cohabitation.

■ Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; an award depends upon the circumstances of each par-

ticular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347 (Iowa App.1983). We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App.1987); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App. 1984). Inheritance or gifted property can be considered in awarding alimony. *In re Marriage of Oler,* 451 N.W.2d 9, 13 (Iowa App. 1989).

This marriage lasted a long time—some thirty years. Connie absented herself from the job market to take care of the parties' children for about eleven years. She has almost no job experience outside of bartending. She has no medical or pension benefits through her employment and it is unlikely she will ever have a job that will give her such benefits. Connie has net weekly earnings of $107.00 from her employment plus approximately $3200.00 a year in income from her investments. Clyde has net weekly earnings of approximately $500.00. His expenses are low so his income exceeds his expenses by a substantial amount.

Given all the circumstances we award Connie alimony of $125.00 per week until she is entitled to her lump sum payment from her farm contract. We then reduce the alimony payment to $100.00 per week. We further reduce the alimony payment when Connie is entitled to social security by the amount Connie is entitled to in benefits. Alimony will continue in this manner until the death of either party. Should Connie remarry prior to Clyde's death, alimony shall terminate on the happening of that event.

 Connie requests appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981).

We award Connie $500 in appellate attorney fees. Costs of this appeal are taxed three-fourths to the appellant and one-fourth to appellee.

**AFFIRMED AS MODIFIED.**

HAYDEN, J. concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. I would affirm the trial court.