**In re the MARRIAGE OF Alan L. HASS and Judy R. Hass.**

**Upon the Petition of Alan L. Hass, Appellee,**

**And Concerning Judy R. Hass, Appellant.**

**No. 94–1905.**

Court of Appeals of Iowa.

Aug. 17, 1995.

---

R. Scott Rhinehart of Richard Rhinehart & Associates, Sioux City, for appellant.

James W. Redmond of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ. .

HAYDEN, Presiding Judge.

Alan and Judy Hass were married on September 15, 1990. The total value of property Alan brought into the marriage was approximately $90,000. Alan owned two houses located at 236 South Faucett Street and 1009 South Dorman Street in Sioux City, Iowa. Alan also had IRAs worth approximately $13,000. He had $18,000 in cash as a result of a recent automobile sale. He owned several vehicles and other personal property. Alan also received a $5000 gift during the marriage. Judy's net worth before the marriage was approximately $10,000.

The parties separated in November 1993. Alan filed a petition for dissolution of marriage. The district court entered a dissolution decree awarding Alan property having a value of $157,600, and he was required to pay

indebtedness of approximately $88,600 for a net value of $69,000. Judy was awarded property worth $128,000 with indebtedness of $105,000 for a net value of $23,000. Alan was ordered to pay $2000 towards Judy's attorney fees. At hearing, Judy testified she could not retrieve some of her personal property from Alan's house because she was frightened to return to the house due to an earlier assault committed against her by Alan. She asked the district court for protection through an injunction, Alan's removal from the premises, or the presence of the sheriff when she retrieved her personal property. The district court denied relief.

Judy appeals the property division and the denial of physical protection. Both Judy and Alan seek an award for appellate attorney fees. Alan also requests Judy be assessed the cost of his appendix.

## I. Scope of Review.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## II. Property Division.

Judy contends the trial court erred because it did not provide for an equitable division of the parties' property in the dissolution proceeding. She argues the division was not equitable because the trial court did not acknowledge Judy's contribution to the property's appreciation in value. In support of her argument, Judy noted the following contributions: income similar to Alan's; homemaking, cooking, and maintenance of the home; remodeling (painting and decorating); gardening to improve the cosmetic look of the property; purchasing groceries and household supplies; and, taking care of the payment of the household accounts. Judy also argues the court either incorrectly valued or divided the increased equity in property including: the Kingsley property, three tractors, Alan's IRAs, the Faucett and Dorman houses, broker/realtor fees, cash rent for the Kingsley acreage, and the 1993 state and federal tax returns.

■ We hold the trial court did not err in its equitable distribution of the property. We find the value placed on the assets by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare,* 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984). Furthermore, any increase in equity due to the efforts of Judy as she described in her brief was sufficiently reflected in the trial court's distribution.

■ The partners to a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.* When distributing the property, we should take into consideration the criteria codified in Iowa Code section 598.21(1) (1991). *In re Marriage of Estlund,* 344 N.W.2d 276, 280 (Iowa App. 1983). Among the many factors to consider are: length of the marriage; property brought to the marriage by each party; the contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking; and, the earning capacity of each party. Iowa Code § 598.21(1).

■ If there was wide disparity between the assets of the parties at the time of the marriage, or if one of the parties was the recipient of a substantial gift or inheritance, the length of the marriage is a *major factor* in determining the respective rights of the parties regarding such property at the time of dissolution. *In re Marriage of Wallace,* 315 N.W.2d 827, 831 (Iowa App.1981). If a marriage lasts only a short time, the claim of either party to the property owned by the other prior to the marriage or acquired by gift or inheritance during the brief duration of the marriage is minimal at best. *Id.* at

830–31; *see also Steenhoek,* 305 N.W.2d 448 (five-year marriage; court gave husband credit for property he brought into the marriage, some of which was inherited).

■ An additional factor in dividing appreciated property acquired before the marriage is whether the appreciation which occurred during the marriage was fortuitous or due to the efforts of the parties. *In re Marriage of Lattig,* 318 N.W.2d 811, 815 (Iowa App.1982). An equitable property division of the appreciated value of the property should be a function of the tangible contributions of each party and not the mere existence of the marital relationship. *Id.* "Where the accumulated property is not the product of the joint efforts of both parties, or where, as here, one party brings property into the marriage, there need not necessarily be a division. This is especially true where the marriage was of short duration." *Id.*

■ **Kingsley Acreage.** The trial court valued the Kingsley acreage at $95,000. Judy estimated the Kingsley acreage at $125,000. Don Law, Alan's expert witness, made an appraisal of the property for $85,000. During cross examination, Law admitted he did not include in his appraisal the purchase of $14,000 in materials to improve the property. Alan, however, claims only $3000 of the $14,000 was used for improvement materials. Law also admits he failed to consider in his appraisal the latest state mandate which provides for a twenty-two percent increase in valuation on acreages of ten or more acres. Taking into account the twenty-two percent mandate, Don Law's expertise as an independent appraiser, and Alan's statement only $3000 was used for improvements, we find the $95,000 assessment of the Kingsley acreage to be reasonable.

■ **Tractors.** The trial court valued the three tractors at $5000. Judy claims the three tractors are worth $30,000, while Alan claims they are worth $5000. To support her claim, Judy presented a loan application from March 1993. This loan application, however, indicates the $30,000 was the value of three tractors, one trailer, equipment and tools. It is apparent from the face of the loan application the three tractors alone are not worth $30,000. The tractors at the heart of this dispute range in age from twenty-four to thirty-four years old. Additionally, Alan testified under oath the purchase price, when he bought the three tractors three years ago, was only $5000. Therefore, we accept $5000 as being a reasonable value of the tractors.

■ **IRA.** Alan's IRAs were worth $13,305.13 before the marriage. During the marriage, they were worth $22,874.78. Judy argues the IRAs' $9569.65 increase in value over the course of the marriage should be equitably divided. Even though the IRAs increased in value during the marriage, Judy is not necessarily entitled to a division of the increased value. As stated above, since this marriage was short, any claim Judy has to property acquired by Alan prior to the marriage is minimal at best. *Wallace,* 315 N.W.2d at 830–31. An equitable property division of the appreciated value of the property is a function of the tangible contributions of each party and not the mere existence of the marital relationship. *Lattig,* 318 N.W.2d at 815. We find she is not entitled to a division of the increased value.

■ **Faucett and Dorman Homes.** Judy argues the combined equity of these two homes increased $11,280 during the marriage because thirty house payments were made. Again, Judy has little claim to property owned by Alan before the marriage. *Wallace,* 315 N.W.2d at 830–31. Any equitable division must be based on her tangible contributions. *Lattig,* 318 N.W.2d at 815. There is no evidence Judy contributed to the payments or increased value of these homes. Judy claims, since she sold these homes without commission, she is entitled to the increased equity. There is, however, no evidence Judy was contractually entitled to a commission upon the sale of these homes. Consequently, we find Judy is not entitled to the increased equity of these two homes.

■ **Cash Rent for the Kingsley Acreage.** In addition to being awarded the Kingsley acreage itself, Alan was awarded cash rent on the Kingsley acreage totaling $3070. Iowa courts are not required to divide property in equal percentages. *Russell,* 473 N.W.2d at 246. The determining factor

is what is fair and equitable in each circumstance. *Id.* We find the award of the Kingsley rent to Alan is equitable under the circumstances of this case.

■ **State and Federal Tax Return.** Alan was awarded the 1993 tax refund of $4334. Although Judy claims the parties' individual incomes for the years 1990–1993 were very similar, we do not agree. The 1990–1993 income tax returns reveal Alan earned substantially more money throughout the marriage. Considering Alan earned most of the couple's income during the marriage, we find it was fair and equitable to award Alan the income tax refund for the year 1993.

**Conclusion.** From our review of the facts and circumstances of this case, it is evident the trial court divided the property of Alan and Judy in accordance with the principles set forth above. The award appears to be predicated upon the net value of each party before the marriage, the contribution each party made to the improvement of those properties, and the relative value of the properties. The marriage was of short duration, only three years; there was a vast difference in their assets at the time of the marriage; and, Judy contributed very little to the appreciation of the property's value. This marriage has resulted in a substantial transfer of net worth from Alan to Judy. It is not equitable for Judy to receive any larger share of the parties' property than has been awarded. Therefore, we affirm.

### III. Physical Protection of Judy.

■ Judy contends the trial court erred in denying her request for an injunction or other relief to protect her while entering the Kingsley acreage to retrieve her personal property. We order Alan to deliver Judy's property at a time and place certain to be agreed upon by the parties. If the parties cannot agree upon a time and place, we remand to the district court to fix the time and place of delivery and also prescribe the protection necessary for Judy's safety.

### IV. Attorney Fees.

■ Both Alan and Judy request attorney fees for this appeal. Additionally, Alan requests Judy be assessed the cost of his appendix because she failed to prepare a proper joint appendix. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Gilliam,* 525 N.W.2d 436, 439 (Iowa App.1994). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Miller,* 524 N.W.2d 442, 445 (Iowa App. 1994). We award Alan $276 for the cost of the appendix. Each party shall pay his or her own attorney fees on appeal. Costs on appeal shall be taxed one-half to each party.

**AFFIRMED AS MODIFIED.**