In re the MARRIAGE OF Debra K.
HARDY and Marvin L. Hardy.

Upon the Petition of Debra K.
Hardy, Petitioner–Appellee,

And Concerning Marvin L. Hardy,
Respondent–Appellant.

No. 94–738.

Court of Appeals of Iowa.

Sept. 22, 1995.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, P.C., Iowa City, for appellant.

Michael J. Schilling, Burlington, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

SACKETT, Presiding Judge.

Respondent-appellant Marvin L. Hardy challenges the economic provisions of a decree dissolving his twenty-four-year marriage. He contends, under the terms of the decree, he will be forced to cease his farming operation. He challenges the property division, the alimony ordered, and the child support award. We affirm as modified.

Marvin and petitioner-appellee Debra K. Hardy were married in 1970. At the time of trial, Marvin was forty-four years old and Debra was forty-one.

Marvin and Debra have six children aged ten to twenty-two at the time of the decree. When married, Marvin and Debra had no education beyond high school. They started farming early in the marriage. The farming operation was made possible by large gifts and inheritances from Marvin's family. Marvin continues to farm. He is a grain farmer and has a machine-hire operation. Debra, during the marriage, received two years of education at the local area college. She works as a respiratory therapist. She hopes to obtain additional education.

The parties asked the trial court to set the farming assets aside to Marvin for his benefit and the benefit of their children who wished to farm. They asked the trial court to value the assets, determine the extent of assets that should be set aside to Marvin as inherited or gifted, fix spousal support for Debra, and determine child support obligations.

The trial court fixed the value of the farm assets at $1,235,000, the debt at $565,000, and found of the farm assets $370,000 represent property that should be set aside to Marvin as inherited or gifted. The trial court then ordered Marvin to pay Debra $100,000 over ten years with five percent interest on the unpaid balance and to pay Debra $830 per month alimony (decreased to $650 after five years) and awarded her an additional $18,500 in property and charged her with debts of $11,500.

Physical care of children born May 17, 1977 and December 19, 1979, was awarded to Marvin, and physical care of the child born November 16, 1983, was awarded to Debra. Two older children live with Marvin and one older child lives with Debra.

The trial court determined the incomes of the parties and fixed Marvin's child support obligation at $559.62 per month and ordered him to pay medical insurance in the amount of $551 per month plus ninety percent of any unreimbursed medical expenses, and allowed him to claim the three children as dependents for income tax purposes.

Marvin first contends the farm assets were not correctly valued and he was not given sufficient credit for inherited or gifted property.

Our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. In re Marriage of Steenhoek, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Marvin introduced evidence that gifts of cash and land from his family totaled $560,-355. In 1992, on a corporate line of credit

application, Marvin valued assets at $1,302,-945 and liabilities at $459,261.

The parties' debts increased since 1992. Their long-time lender advised Marvin on October 20, 1993, there were problems with his loans and financing for the next crop year could be problematic. An application for an FmHA guaranteed loan was pending at the time of the dissolution hearing. Substantial obligations for federal and state income taxes had not been paid. There was a pending lawsuit against Marvin and a daughter for allegedly slandering a teacher.

It is clear from our review of the record the accumulated net worth of the parties is the result of gifts and inheritances to Marvin from his family. However, Debra has participated in retaining and maintaining those assets.

Iowa Code section 598.21(1) (1991) states, "the court shall divide all property, except inherited property or gifts received by one party, equitably between the parties...." Section 598.21(2) also provides "property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage."

■ Generally, gifts or inheritances received by a party during the marriage are not subject to a property division unless the failure to do so would be inequitable to the other party. *In re Marriage of Oler*, 451 N.W.2d 9, 10–11 (Iowa App.1989). There are a number of factors the courts look to in determining whether inherited property should be divided. *See In re Marriage of Thomas*, 319 N.W.2d 209, 211 (Iowa 1982). The length of the marriage is also an important factor in considering when gifted or inherited property should be divided. *See Oler*, 451 N.W.2d at 11.

■ The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.* The distribution of the property should be made in consideration of the criteria codified in Iowa Code section 598.21(1) (1991). *In re Marriage of Estlund*, 344 N.W.2d 276, 280 (Iowa App.1983).

■ Our review of the property division made by the trial court convinces us the property division is equitable and gives sufficient consideration to Marvin's inherited and gifted property when considered with the adjustment we will make to the alimony award. We affirm the property division.

Marvin next contends the alimony is not equitable and the child support award to Debra is in excess of the guidelines. For Marvin to pay the ordered property settlement and interest, alimony, child support and medical insurance ordered by the trial court will require in excess of $36,000 annually. Marvin advances this is excessive.

To address these issues, we look first to the incomes of Marvin and Debra. Taking a three-year average of 1990, 1991, and 1992, Marvin realized an average income before taxes of $29,154;[1] taking a five-year average results in substantially the same figure. Debra has a part-time job from which she takes home $731 per month.

■ The trial court found Marvin's net monthly income to be $3001. The record does not support this finding. We find Marvin's monthly income before deductions allowed in the child support guidelines to be $2400. Marvin also contends alimony paid should be added to Debra's income and subtracted from his. The trial court neither included the alimony received by Debra as income to her nor as a deduction to Marvin. The trial court is given discretion on this issue. *See In re Marriage of Lalone*, 469 N.W.2d 695, 697 (Iowa 1991); *In re Mar-*

---

1. Schedule F showed: [$37,827] loss for 1990; $96,230 gain for 1991; and $29,059 gain for 1992.

*riage of Miller,* 475 N.W.2d 675, 679–80 (Iowa App.1991).

■ Before addressing this issue, we address Marvin's challenge to the alimony award. Marvin contends the alimony award is too high. We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App.1987); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

Debra wishes to finish her education and receive a Bachelor of Arts degree and a Master's degree. Marvin wishes to continue farming at the current level. They both have support obligations to their young children and may need to assist older children with higher education. The obligation each has to their minor children must take precedence over their individual desires.

■ We agree with the trial court that we consider Marvin's inherited and gifted property on the issue of alimony. *See In re Marriage of Voss,* 396 N.W.2d 801, 804 (Iowa App.1986).

The current farming operation does no more than return to Marvin a fair wage for his labor. Preservation of the farm assets are necessary for Marvin to continue farming. The assets were given to Marvin by his family so he could farm. Liquidation of the machinery and farm would result in substantial income tax liability, a fact acknowledged by both parties and recognized by the trial court, although no evidence was presented on the actual projected income tax liability.

■ The Iowa courts have recognized Iowa's position as a farm state and the need to look to preserving the farming business in dividing assets in a dissolution. *In re Marriage of Callenius,* 309 N.W.2d 510, 514–15 (Iowa 1981); *In re Marriage of Andersen,* 243 N.W.2d 562, 564 (Iowa 1976); *In re Marriage of Briggs,* 225 N.W.2d 911, 913 (Iowa 1975).

The farm debt has been increased in the preceding several years as a result of a combination of drought, flood, high costs of production, and low grain prices. In 1993, Mar-

vin and Debra had to borrow $30,000 for operating expenses.

■ Debra advances Marvin could generate more income if he worked harder. The evidence is he is a diligent worker. Marvin also has substantial child care responsibilities with the children in his care. Barring an improvement in the farm economy, there is no evidence Marvin's income will increase or he can make the required payment without additional borrowing, which is not possible, or the liquidation of assets which will decrease his income and result in considerable income tax consequences.

■ We modify the alimony and decrease it to $200 per month. We have decreased the alimony considerably but believe in this case long-term alimony is properly deductible in fixing child support, particularly here where the trial court failed to consider as income to Debra the interest she would receive on the property settlement Marvin is required to pay. Applying current guidelines, we fix Marvin's child support obligation at $350 monthly.

Costs on appeal are taxed one-half to each party.

We award no appellate attorneys fees.

**AFFIRMED AS MODIFIED.**