In re the MARRIAGE OF Scott W. CAMPBELL and Kumhi Kim Campbell.

Upon the Petition of Scott W. Campbell, Appellant, and Concerning Kumhi Kim Campbell, Appellee.

No. 99–1412.

Court of Appeals of Iowa.

Jan. 10, 2001.

Stephen N. Greenleaf of Lynch, Greenleaf & Michael, L.L.P., Iowa City, for appellant.

Constance Peschang Stannard of McKinley, Stannard & Carter, Coralville, for appellee.

Heard by STREIT, P.J., and VOGEL and HECHT, JJ.

VOGEL, Judge.

Scott W. Campbell appeals two economic provisions of the parties' dissolution decree. We find the trial court correctly used the date of the trial to value and divide the assets and agree with the trial court in ordering the sale of the marital home. We affirm.

**Background facts.** Scott and Kumhi Kim Campbell were married in July 1980.

A son, Bruce, was born to the marriage in October 1986. Scott and Kumhi separated in September 1994. The trial court ordered the dissolution of the marriage on July 20, 1999. Scott appeals two of the financial provisions ordered by the trial court.

■ **Standard of review.** Dissolution of marriage decrees are reviewed in equity. *In re Marriage of Knickerbocker*, 601 N.W.2d 48, 50–51 (Iowa 1999). Our standard of review is therefore de novo. Iowa R.App.P. 4. In such cases, "[w]e examine the entire record and adjudicate anew rights on the issues properly presented." *In re Marriage of Beecher*, 582 N.W.2d 510, 512–13 (Iowa 1998). In doing so, we give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7); *Beecher*, 582 N.W.2d at 513.

■ The partners to a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.*

■ **Valuation date of retirement account.** Scott alleges the property division of the trial court was inequitable because it used the trial date, July 1999, rather than the date of separation, September 1994, to determine the value of his retirement account. During the marriage, both parties worked and accrued retirement accounts, which appreciated in value with the passage of time. Scott's retirement account remained intact, and increased from a 1994 value of $20,096 to $60,800 at the time of trial. Kumhi's retirement account was withdrawn from the employer's retirement plan and rolled over into an IRA account. Although the record does not contain a 1994 value for the account, the value re-

flected and used at the time of trial was $37,867.

Scott asserts his retirement account, which demonstrated excellent growth over the period of the parties' separation, should have been valued at the time of the separation rather than at the time of the trial. He contends the parties strictly maintained separate lives, financial accounts and goals during this period and, therefore, the only equitable solution is to divide this asset based on the lower value at the time of the separation rather than the appreciated value at the time of trial. Recognizing the difficulty to the parties and the court to wade through five years of financial information to divide the remaining assets at the time of the separation, Scott maintains all other property of the parties should be based on the values at the time of trial. Kumhi claims the trial court correctly determined the most equitable date of the valuation of all assets, including Scott's retirement account, to be the time of trial.

To support his position, Scott relies on this court's ruling in *In re Marriage of Driscoll*, 563 N.W.2d 640, 642 (Iowa App. 1997), where we stated:

> There may be occasions when the trial date is not appropriate to determine values. Equitable distributions require flexibility and concrete rules of distribution may frustrate the court's goal of obtaining equitable results. For example, when parties separate several years before even filing a petition for dissolution of marriage, an alternate valuation date is appropriate. Hence, we are not locked into a set date as it is inherent in the court's equitable powers, to make appropriate adjustments, according to the unique facts of each case.

See, e.g., *In re Marriage of Tzortzoudakis*, 507 N.W.2d 183, 186 (Iowa App.1993) (filing of dissolution petition thirty years after separation of the parties). Our analysis in *Driscoll* clearly calls for allowing flexibility for the trial court to make such determinations depending on the unique facts of each case. There is no indication, however, in the *Driscoll* language that our appellate courts will adopt a specific time period between the date of separation and the date of trial, which will be determinative of a valuation date. As in all dissolution cases, our review of decrees is driven by our overarching goal of assuring equity between the parties.

With this backdrop, we review Scott's request to declare the value of one asset, his retirement account, at the time of the separation while the remaining assets be valued at the time of trial. He claims he should be rewarded for not tampering with the account over the years, which allowed the asset to experience phenomenal growth. Scott points to our decision in *In re Marriage of Oakes*, 462 N.W.2d 730 (Iowa App.1990), which concluded that because the wife did not contribute to the growth of the husband's retirement account during the separation period, she should not share in that growth. We found no basis to distinguish the rationale in *Oakes*, from that of a prior decision, *In re Marriage of Muelhaupt*, 439 N.W.2d 656 (Iowa 1989). Upon further reflection and the developing case law in this area, we find the cases clearly distinguishable.

In *Muelhaupt* the husband purchased with borrowed funds, a minority interest in a closely held corporation for $2500 subsequent to the filing of a petition for dissolution of the marriage. *Muelhaupt*, 439 N.W.2d at 661. The following year, the trial court set the value of the stock at $151,680. *Id.* Our supreme court, recognizing both the phenomenal growth of the stock and the wife's limited contribution to the asset, nonetheless awarded her $25,000 of its value. *Id.* That award neither restricted the wife to a portion of the purchase price of the stock nor denied her a portion of the post separation growth of the asset. *Id.* Rather, the court considered the value as of the date of trial and made an equitable distribution under the circumstances of that particular case. *Id.* Because *Oakes* tends to distort the equita-

ble spirit of *Muelhaupt*, and is otherwise contrary to our developing case law, we now overrule that portion of the *Oakes* decision, which distributed property based on separation date values merely because the other party did not contribute to the growth of an asset prior to trial. *Oakes*, 462 N.W.2d at 733; *see also In re Marriage of McLaughlin*, 526 N.W.2d 342, 344 (Iowa App.1994) (holding eighteen month separation did not justify use of separation date to value and divide assets); *In re Marriage of Clinton*, 579 N.W.2d 835, 839 (Iowa App.1998) (affirming district court's use of trial date to value and divide retirement account after nine month separation); *In re Marriage of Helmle*, 514 N.W.2d 461, 463 (Iowa App.1994) (finding trial court's use of trial date to divide post-separation assets was equitable).

In reviewing Scott's assertion that we use the date of separation to value his retirement account, we first note that he did not make any additional contributions to that account from the date of separation to the date of trial. That means the tripling of the value of the account was strictly fortuitous. While Scott acknowledges Kumhi had rights in the account at the time of separation, he denies that she should be entitled to profit from her share of the growth of the asset over the past five years. We reject this argument just as we did in *Driscoll*. It is apparent in both cases, that when an asset increases in value during a period of separation, the party who controls the asset wants to solely reap the benefit of the increase in value. However a party who wanted to retain an asset would likely not argue its value be set as of the time of separation if that asset had lost value prior to trial. Accordingly, we find it difficult to believe Scott would have asked the court to value his retirement account at the time of separation had it substantially decreased in value over the same separation time period.

In addition, we have previously noted the practical complexities in choosing a date other than the trial date to value assets.

The court, in rejecting respondent's argument that the net worth be determined at time of separation, said "[h]owever, respondent's position would require a determination of the exact date of the marital breakdown, an impossible task in most, if not all, dissolution cases. It would appear the date of trial is the only reasonable time at which an assessment of the parties' net worth should be undertaken."

*In re Marriage of Meerdink*, 530 N.W.2d 458, 460 (Iowa App.1995) (citing *Locke v. Locke*, 246 N.W.2d 246, 252 (Iowa 1976)). A separation is often not a clear demarcation in time, as is a trial date. Furthermore, during a separation the possibility of reconciliation is present until the entering of the dissolution decree. This case bears out these concepts, where Scott initially filed a petition for dissolution of marriage in February of 1994. That action was dismissed in January of 1997 under Iowa Rule of Civil Procedure 215.1 for want of prosecution. In March of 1997, Scott filed a second petition. There is a dispute as to how much contact, including financial dealings, the parties had during the intervening years from 1994 to the time of trial.

We continue to use the date of trial as the most appropriate date to value assets, while recognizing the need for flexibility in making equitable distributions based on the unique circumstances of each case. Under the facts of this case, it is neither practical nor equitable to use the date of separation to value just one asset. We therefore agree with the trial court using the date of trial to value Scott's retirement account.

*Sale of house.* The trial court ordered the house to be sold and the net proceeds equally divided between the parties. Scott, who has physical care of the parties' son, Bruce, objects to the sale of the home. He asserts it is in the best interests of Bruce, to allow him to remain in the home and prevent further disruption of his life.

*See* Iowa Code § 598.21(1)(g). In her response to Scott's 179(b) motion, Kumhi conceded that she is willing, upon a fair appraisal, to accept half the net value of the home, so Bruce may remain in the family home. The trial court, without rescinding its prior order, noted the parties' willingness to arrive at a mutually beneficial agreement regarding the sale of the home. The trial court has thoughtfully considered this issue while noting the development of a workable solution between the parties. We concur with the trial court's observations in its post trial ruling and decline to modify the trial court's order.

Because we find the trial court's property valuation and division to be equitable to both parties, we affirm.

**AFFIRMED.**