In re the **MARRIAGE OF Floyd A. MEERDINK and Helen I. Meerdink.**

Upon the Petition of Floyd A. Meerdink, Petitioner–Appellee,

And Concerning

Helen I. Meerdink, Respondent–Appellant.

No. 94–0476.

Court of Appeals of Iowa.

Feb. 28, 1995.

Gary J. Boveia of Boveia Law Firm, Waverly, for appellant.

Keith A. McKinley of Dunkelberg, McKinley & Folkers, Osage, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an interlocutory appeal from a trial court's order limiting discovery in a dissolution case and failing to consider an application to review support and fix additional attorney fees. We reverse and remand.

Petitioner-appellee Floyd A. Meerdink and respondent-appellant Helen I. Meerdink were married in 1970. It was a second marriage for both and, prior to their marriage, they had a premarital agreement. The parties separated in late 1984, and, both parties agree for a substantial amount of the time following, did not live in the same household. On December 13, 1984, Floyd filed a petition for dissolution of marriage. Helen answered the petition and requested alimony and an equitable division of the assets of the parties. Helen filed an affidavit of her financial status in January 1985. Floyd filed an affidavit of his financial status in March 1985. In March 1985, the court entered an order requiring Floyd to pay Helen $265 a month in support and $350 for temporary attorney fees. Helen filed twenty-five interrogatories that Floyd answered in June 1985.

Not until December 1993, some seven and one-half years later, did Helen decide to force the dissolution to a conclusion. She filed: (1) a request to have Floyd supplement his previous answers to interrogatories; (2) a request for production of documents; (3) a request for additional temporary attorney fees; and (4) an application for an increase in her temporary support. Additionally, a second set of interrogatories was filed, including a request for a current affidavit of financial status to be filed by Floyd. Floyd resisted all requests.

The trial court, after a hearing, entered a ruling which provided, in applicable part:

To the extent that respondent [Helen] requests information concerning property acquired by petitioner [Floyd] following the parties' separation, the court concludes that such information is not relevant to the issue of equitable division of property jointly acquired by the parties during their marriage and need not be answered by the petitioner [Floyd]. To the extent the respondent's [Helen's] discovery request seeks information concerning property jointly acquired by the parties, the same would be relevant to said issue and should be answered by the petitioner [Floyd].

This appeal followed that order. Further discovery has not been completed. Helen contends she has the right to the discovery, and Floyd contends she does not.

Floyd argues it is the financial status of the parties at the time they were separated that is relevant to the issues of property division and alimony or support. He represents his net worth is no less than it was when he filed the financial statement in 1985. He further advanced on oral argument that the requests made were burdensome and the information sought was beyond that necessary to resolve the issues.

The issues that Floyd raises are relevant to the ultimate issues of the equity of the economic provisions of the dissolution decree. They are not; however, sufficient reasons to deny further discovery.

Both parties to a dissolution are required to disclose their financial status. *See* Iowa Code § 598.13; *see also In re Marriage of Williams,* 421 N.W.2d 160, 164 (Iowa App. 1988); *In re Marriage of Mueller,* 400 N.W.2d 86, 88 (Iowa App.1986).

■ Section 598.13 (1989) states the "[f]ailure to comply with the requirements of this section constitutes failure to make dis-

covery as provided in rule of civil procedure 134." *See In re Marriage of Butterfield,* 500 N.W.2d 95, 99 (Iowa App.1993). Substantial departure from 598.13 cannot be permitted. *See State v. Dunham,* 232 N.W.2d 475, 477 (Iowa 1975).

In *Locke v. Locke,* 246 N.W.2d 246, 252–53 (Iowa 1976), the court addressed the issue of when the net worth of parties to a dissolution is to be determined. The court, in rejecting respondent's argument that the net worth be determined at time of separation, said "[h]owever, respondent's position would require a determination of the exact date of the marital breakdown, an impossible task in most, if not all, dissolution cases. It would appear the date of trial is the only reasonable time at which an assessment of the parties' net worth should be undertaken." *Id.* at 252.

Finding *Locke* controlling, we hold Helen has the right to obtain information as to Floyd's current net worth. The question of the equities of its division is not an issue in determining whether discovery of its value should be provided. *See In re Marriage of Voss,* 396 N.W.2d 801 (Iowa App.1986), where we were faced with the fact the wife had inherited an interest in certain farmland and we found we were unable to assess her need and her husband's ability to pay because nowhere in the record is there evidence of the value of the land she had inherited or the income to be derived therefrom. *Id.* at 804. Inherited property can be considered on the issue of alimony. *In re Marriage of Moffatt,* 279 N.W.2d 15, 20 (Iowa 1979); *In re Marriage of Stewart,* 356 N.W.2d 611, 613 (Iowa App.1984). We remanded for further evidence of value. The fact the inherited property may not have been divisible does not keep it from being discoverable.

We recognize discovery requests should be reasonable. Floyd raised, for the first time on appeal, a challenge to the reasonableness of the documentation that Helen sought on discovery. We remand to the trial court to enter such orders as are necessary for Helen to obtain information as to Floyd's current net worth. The trial court is in a better position than are we to determine the reasonableness of Helen's discovery requests.

After the information has been received, Helen shall have the right to refile her application for additional support and attorney fees.

Costs on appeal are taxed to Floyd.

**REVERSED AND REMANDED.**