IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

_____

No. 15-0190

_____

FILED

**June 3, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ERIC M.,
Petitioner

v.

LAURA M.,
Respondent

_____

Appeal from the Circuit Court of Berkeley County
The Honorable Michael D. Lorenson, Judge
Civil Action No. 12-D-620

REVERSED AND REMANDED WITH DIRECTIONS

_____

Submitted: February 24, 2016
Filed: June 3, 2016

Kirk H. Bottner, Esq.                   Cinda L. Scales, Esq.
Charles Town, West Virginia             Martinsburg, West Virginia
Attorney for Petitioner                 Attorney for Respondent

JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

2. "W.Va. Code, 48A-1B-12 [1997] now requires that the exemption be allocated to the custodial parent, except in cases of shared custody, where the parties have agreed otherwise, or where granting the exemption to the non-custodial parent will result in increased income and child support to the custodial parent. In shared custody cases, the dependent exemption shall be allocated between the parties in proportion to their adjusted gross incomes for child support calculations. In a shared custody situation where allocation would be of no tax benefit to a party, the circuit court or family law master need make no allocation to that party." Syllabus, in part, *Spence v. Spence*, 199 W.Va. 609, 486 S.E.2d 778 (1997).

Workman, Justice:

This is an appeal by Eric M. (hereinafter "the father")[1] from an order of the Circuit Court of Berkeley County refusing his appeal from family court. The family court had refused to allocate tax exemptions for the two minor children of the father and Laura M. (hereinafter "the mother") in accordance with West Virginia § 48-13-801 (2015), finding that the parties had a prior agreement which made such statutory application unnecessary.

I. Factual and Procedural History

The parties were divorced on September 4, 2012. Two children, B. and C., were born of the marriage. The original divorce order provided that, for tax exemption purposes, the father would claim B. and the mother would claim C. On March 14, 2014, the mother filed a motion in family court for modification of the divorce order, with specific regard to child support, medical support, and tax exemptions. She requested an order providing that when one of the children reaches the age of majority and there is only one child remaining to be claimed as a tax exemption, that one exemption should be rotated between the parents on an annual basis.[2]

_____

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. W.V. Dep't of Human Servs. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted).

[2]The older child, B., will turn eighteen in 2017. The younger child, C., will turn eighteen in 2022.

1

On April 23, 2014, the father filed an answer and counter-claim, requesting the court to amend the divorce order to include details of an agreed-upon joint parenting plan and to allocate the tax exemptions in the manner set forth in West Virginia Code § 48-13-801.[3] The father requested the application of the statutory requirement that the tax exemptions be proportioned between the parents according to income, and he further clarified that he was requesting the statutory application only "if no agreement is reached."

A family court hearing was held on April 28, 2014, resulting in the court's denial of the father's request to modify the tax exemption allocation pursuant to the statutory

[3]West Virginia Code § 48-13-801 provides as follows:

> *Unless otherwise agreed to by the parties*, the court shall allocate the right to claim dependent children for income tax purposes to the payee parent except in cases of extended shared parenting. In extended shared parenting cases, these rights shall be allocated between the parties in proportion to their adjusted gross incomes for child support calculations. In a situation where allocation would be of no tax benefit to a party, the court need make no allocation to that party. However, the tax exemptions for the minor child or children should be granted to the payor parent only if the total of the payee parent's income and child support is greater when the exemption is awarded to the payor parent.

*Id.* (emphasis provided). We note that the statute was previously codified as West Virginia Code § 48A-1B-12. In a 2001 change, it was recodified as section 48-13-801. The only alteration was the substitution of the terms "payor" and "payee" for the previous terms, "noncustodial" and "custodial."

framework.[4]  The family court did not thoroughly explain its decision in the order, but it did state on the record during the April 28, 2014, hearing that the parties will likely seek modification when the oldest child reaches majority.  In discussing West Virginia Code § 48-13-801, the family court observed: "It's very peculiar. . . .  But you'll be in here again anyway, won't you, because you're going to have just one child after [the older child] . . . reaches the age of majority.  So, we don't need to address that issue today."  Counsel for the father began to explain his position, but the family court interrupted and said: "I'm not going to do that.  I'm going to keep it, each have one, and you can appeal that if you want to.  I think it's ridiculous."

On June 23, 2014, the father appealed to the circuit court, and the matter was thereafter remanded to the family court for clarification regarding the denial of the father's motion to allocate the tax exemptions according to statute.  By order entered September 19, 2014, the family court clarified its prior order and explained that the parties had agreed to "equal custodial allocation" and that the father had requested re-allocation of the tax exemptions only if no agreement was reached.[5]  Thus, the family court denied the father's request for the statutory tax exemption allocation.  The family court also noted the statutory

[4]The family court did, however, incorporate the terms of the joint parenting plan, a matter to which neither party objects on appeal.

[5]The family court explained: "As the parties reached an agreement, and the [father] requested the tax deduction be split only if there were no agreement, the Court felt it appropriate to deny the [father's] request made in court after the agreement was reached."

language indicating that the exemption is to be granted to the payor only if the total of the "payee [the mother in this case] parent's income and child support is greater when the exemption is awarded to the payor parent [the father in this case]." The family court observed: "It did not appear that the [mother's] income and child support would be greater if the payor was awarded the exemption."

By order dated January 27, 2015, the circuit court refused the father's appeal of the family court order. The father thereafter appealed to this Court.

## II. Standard of Review

In the syllabus of *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004), this Court explained:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

With the standard as guidance, we examine the issues raised in this appeal.

## III. Discussion

The determinative issue on appeal is whether the parties had reached an oral agreement regarding the allocation of tax exemptions for the children, the existence of which

4

would render application of the statutory guidelines unnecessary, by virtue of the statutory language. *See* W.Va. Code § 48-13-801 (providing statutory allocation is applicable "[u]nless otherwise agreed to by the parties . . . ."). Based upon the assertions of the parties on appeal and a review of the transcript of the family court hearing, it appears that the parties' oral agreement addressed issues such as weekly custodial time, vacation time in the summer, and future reliance upon the agreed parenting plan. Additionally, the oral agreement provided that the father would be responsible for daycare expenses, child support would be paid pursuant to child support guidelines, and medical expenditures were to be modified to provide for an equal split between the parents.

Thus, the question for this Court is whether such a general agreement on various tangential issues was sufficient to preclude application of West Virginia Code § 48-13-801. The father essentially contends no agreement was reached on the *specific* issue of reallocating the tax exemptions. The mother argues that because the father requested the statutory tax exemption allocation *only* if an agreement could not be reached, the existence of an oral agreement on the other issues satisfies that condition and eliminates the need for statutory application.

We are unpersuaded by the mother's argument. The case sub judice is an extended shared parenting situation, as contemplated by West Virginia Code § 48-13-801.

5

Thus, unless otherwise agreed by the parties, the right to claim dependent children for income tax purposes shall be allocated according to statutory guidelines. This Court finds the oral agreement regarding custodial allocation and other tangential issues did not eliminate the need to allocate the tax exemptions according to the statutory requirements. The record does not reveal an agreement between the parties on the specific issue of tax exemption allocation. It is impossible to know, in hindsight, precisely what the father may have intended in his answer and counter-claim when he initially stated his request for re-allocation of the tax exemptions "if no agreement is reached." However, it is clear that the statute ineluctably requires allocation of the tax exemptions to be calculated in a particular manner unless the parties otherwise agree. Thus, the family court erred in finding no need to apply the statute in this case.

Further, the family court's secondary conclusion that no portion of the exemption could be allocated to the father was premature. Indeed, the statute does provide that the "tax exemption should be granted to the payor parent only if the total of the payee parent's income and child support is greater when the exemption is awarded to the payor parent." W.Va. Code § 48-13-801. However, an appropriate financial analysis would be required to properly evaluate that issue. The paradigm enunciated by the statute was addressed in *Spence v. Spence*, 199 W.Va. 609, 486 S.E.2d 778 (1997). In examining the statutory language now codified as West Virginia Code § 48-13-801, this Court in *Spence*

6

explained the operation of the statute and held as follows in pertinent portion of the sole

syllabus point:

> W.Va. Code, 48A-1B-12 [1997] now requires that the exemption be allocated to the custodial parent, except in cases of shared custody, where the parties have agreed otherwise, or where granting the exemption to the non-custodial parent will result in increased income and child support to the custodial parent. In shared custody cases, the dependent exemption shall be allocated between the parties in proportion to their adjusted gross incomes for child support calculations. In a shared custody situation where allocation would be of no tax benefit to a party, the circuit court or family law master need make no allocation to that party.

Syl., in part, 199 W.Va. at 609, 486 S.E.2d at 778.

As also observed in *Spence*, a court "should weigh the net effect on the child

of allocating the tax exemption to either [parent]." *Id.* at 612, 486 S.E.2d at 781. This Court

also recognized that "the first sentence [of the statute] would seem to mandate that the

[payee] parent should always receive the dependent's income tax exemption." *Id.*

"However, the last sentence of the section tempers the first, and allows the allocation of the

exemption to the [payor] parent in *situations where the net effect benefits the child*." *Id.*

(emphasis added). Thus, it is the net financial effect upon the child which is paramount in

the determination.

Other jurisdictions have also addressed these financial realities, "recogniz[ing]

7

-- as indeed they must -- that the dependency exemption provides a financial benefit to the parent entitled to claim it and thus must be considered in setting child and alimony support[.]" *Monterey Cty. v. Cornejo*, 812 P.2d 586, 591 (Cal. 1991). The Supreme Court of California also explained in *Cornejo*:

> The respective incomes of the parents may be such that if the noncustodial parent is allowed the exemption, his or her income tax may be reduced by an amount greater than the increase in the tax liability of the custodial parent deprived of the exemption. This circumstance will obtain where, as is often the case, the custodial parent's adjusted gross income is less than the adjusted gross income of the noncustodial parent.

*Id.* at 592 (citation omitted). "In such a case, the effect of awarding the exemption to the noncustodial parent is to increase the after-tax spendable income of the family as a whole, which may then be channeled into child support or other payments." *Id.* (citation omitted); *see also In re Marriage of Lovetinsky*, 418 N.W.2d 88, 90 (Iowa Ct. App. 1987) ("[D]ependency deductions are connected directly with the requirements of a noncustodial parent to provide support and the allocation of the allowance has a direct effect on the financial resources available to the child."); *Sarver v. Dathe*, 439 N.W.2d 548, 551 (S.D. 1989) ("[A]llocation of this tax exemption affects the financial situation of the parties and constitutes a factor in considering ability to pay child support. These are absolutely interlocking considerations.").

In the present case, the family court appears to have made two erroneous legal

determinations. First, it found statutory application unnecessary due to the existence of a generalized oral agreement. Second, it found the father ineligible for the tax exemptions *even if* the statute were applied. In so ruling, the family court rendered a conclusion on the impact of the final sentence of the statute without the benefit of a comprehensive underlying financial evaluation. In its September 19, 2014, order, the court explained: "it did not appear that the [mother's] income and child support would be greater if the payor [father] was awarded the exemption." There is no evidence in the record to support that conclusory statement. Consequently, this Court remands this matter for application of the principles of West Virginia Code § 48-13-801 and an evaluation of the financial effects of the tax exemption allocations upon the children. Based upon the father's contribution of sixty-nine percent of the total income and the mother's contribution of thirty-one percent, the statute would appear to require the tax exemption to be allocated in those proportions.[6] Pursuant to the final sentence of the statute, however, the financial implications of granting the exemptions to the payor father must be examined. Thus, on remand, a financial analysis will be required and would necessarily include evidence regarding those computations.[7]

---

[6]In this regard, the father asserts that an equitable allocation would be achieved by dividing the tax exemptions into three parts, allowing the father to claim two of the three parts and the mother to claim one of the three parts on a rotating, annual basis.

[7]The parties refer to the chronological order in which the family court addressed the issues presented. The mother contends that the father inappropriately requested modification of tax exemption status *after* all other issues were discussed. The father argues the opposite, contending that his request for tax exemption allocation preceded the discussion of the custodial issues. The record is clear that the father requested re-allocation of the tax exemptions in his answer, filed on April 23, 2014. The chronology of the ensuing discussion

IV.  Conclusion

Based upon the foregoing, the January 27, 2015, order of the Circuit Court of Berkeley County refusing the appeal is reversed.  This Court remands this matter to the circuit court for entry of an reversing the family court's decision and remanding to the family court for further proceedings consistent with this opinion.

Reversed and remanded, with directions.

---

is not dispositive.  Once the father requested allocation of the tax exemption and the parties did not reach an agreement on the issue of the tax exemption, West Virginia Code § 48-13-801 should have been examined by the family court.

We also find the mother's argument on the issue of statutory intent unavailing.  The statute is clear; in the absence of an agreement between the parties, it requires an allocation of the tax exemption in a shared parenting case to be made in proportion to the parties' adjusted gross income, with certain exceptions.  Those issues must be addressed and resolved upon remand.