# IN THE COURT OF APPEALS OF IOWA

No. 19-1836
Filed October 21, 2020

IN RE THE MARRIAGE OF NATALIE KNUTSON
AND DAVID KNUTSON

Upon the Petition of
**NATALIE KNUTSON,**
        Petitioner-Appellant,

**And Concerning**
**DAVID KNUTSON,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Winneshiek County, Richard D.

Stochl, Judge.


        Natalie Knutson appeals the economic provisions of the decree dissolving

her marriage to David Knutson. **AFFIRMED AS MODIFIED.**


        Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellant.

        Dana DeSimone of Miller, Pearson, Gloe, Burns, Beatty & Folta, P.L.C.,

Decorah, for appellee.


        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Natalie Knutson appeals the economic provisions of the decree dissolving her eighteen-year marriage to David Knutson. She challenges a credit the court gave David for assets he brought into the marriage and the court's award of an income-generating business to David. We review her claims de novo. *See* Iowa R. App. P. 6.907.

The goal of property distribution is to divide the parties' property equitably based on the facts of each case rather than making an equal or percentage distribution. *See In re Marriage of Hansen*, 886 N.W.2d 868, 871 (Iowa Ct. App. 2016). In determining what is equitable, the court considers the factors set forth in Iowa Code section 598.21(5) (2018). But first, the court must identify and value the assets subject to division. *See In re Marriage of McDermott*, 827 N.W.2d 671, 678 (Iowa 2013). All property, even property brought into the marriage, is subject to division. *See id.* The exception is property that is gifted to or inherited by one party; that property is divisible only if the court finds failing to do so would be inequitable to the other party. *See id.* (citing Iowa Code § 598.21(6)). The court "should not automatically award [premarital property] to the spouse who owned the property prior to the marriage." *Id.* Premarital property "is merely a factor to consider by the court, together with all other factors, in exercising its role as an architect of an equitable distribution of property at the end of the marriage." *Id.* (citation omitted).

The district court determined the value of the parties' property and divided it such that David received property valued at $476,571 and Natalie received property valued at $25,506. Before ordering an equalization payment to balance

the equities, the court found David was entitled to a credit of $122,010 for assets he brought into the marriage based on the net worth David reported in a loan application he filled out shortly before the parties married. In making this determination, the court noted that David did not seek interest in any of the assets Natalie inherited during the marriage. It also noted that David "made significant contribution to the accumulation of the assets while also financially supporting the care of Natalie's children."

Natalie argues David should not receive any credit for premarital assets. We agree. "Unless the marriage is short in duration, our law does not credit a party for the value of property owned prior to the marriage." *In re Marriage of Hingtgen*, No. 00-1103, 2001 WL 912683, at *2 (Iowa Ct. App. Aug. 15, 2001) (citing *In re Marriage of Hass*, 538 N.W.2d 889, 892–93 (Iowa Ct. App. 1995); *In re Marriage of Brainard*, 523 N.W.2d 611, 616 (Iowa Ct. App. 1994)). "To the contrary, the property brought to the marriage by each party is only a factor to consider together with the other relevant factors in determining an equitable property division." *Brainard*, 523 N.W.2d at 616 (citing what is now Iowa Code § 598.21(5)(b)). "If there were wide disparities between the assets of the parties at the time of the marriage, . . . the length of the marriage is a major factor in determining what the respective rights of the parties with respect to such property are at the time of its dissolution." *In re Marriage of Wallace*, 315 N.W.2d 827, 831 (Iowa Ct. App. 1981). Given the length of the marriage and the contribution of each party, no credit is warranted. We modify the decree to eliminate the $122,010 credit. As a result,

we increase the amount David must pay to Natalie by $61,005, bringing the total of the equalization payment to $130,314.[1]

Natalie also asks us to award her an income-generating business to provide her a source of supplemental income because she is not receiving spousal support. The district court determined Natalie had not demonstrated a need for spousal support based in part on $300,000 that remained of an inheritance she received in 2017. *See In re Marriage of Meerdink*, 530 N.W.2d 458, 460 (Iowa Ct. App. 1995) ("Inherited property can be considered on the issue of alimony." (citing *In re Marriage of Moffatt*, 279 N.W.2d 15, 20 (Iowa 1979))). Coupled with the modified equalization payment of $130,314, we find no compelling reason to award the business to Natalie. As the district court found, the record shows that David is best suited to continue operating the business. We affirm the provision of the decree awarding the business to David.

Natalie asks that we order David to pay the costs of the appeal, and David requests an award of his appellate attorney fees. We have discretion in awarding appellate attorney fees based on the parties' financial positions and whether the party seeking an award was obligated to defend the trial court's decision on appeal. *See In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). Because the

---

[1] David was asked,

> If the court is going to enter an order allowing Natalie to enjoy a hundred percent of the inherited funds that she's receiving, do you believe that it's fair and equitable that the court likewise allow you a credit of $122,000.00 to restore at least some of the position that you were in prior to entering into this marriage?

He answered, "Yes." But even without this credit, the net value of the assets David is receiving minus the equalization payment still exceeds his net assets at the time of the marriage.

parties are in similar financial situations, we decline to award attorney fees.  *See*

*id.*  Costs of the appeal are taxed equally to each party.

**AFFIRMED AS MODIFIED.**